(May 12, 1913.)

SAMUEL J. RICH, Plaintiff, v. FRED L. HUSTON, State Auditor, Defendant.

[132 Pac. 112.]

Original action for writ of mandate. Writ granted.

Edwin Snow, for Petitioner.

The statutory provisions applicable to the cause at bar (sec. 1418 and sec. 111 together) fulfill the precise conditions necessary to constitute a continuing appropriation.

They "fix the compensation, the time of payment, and authorize the controller to draw his warrant to pay the same

when due.  No further appropriation is required." (*Gilbert v. Moody*, 3 Ida. 3, 25 Pac. 1092.)

Sec. 111 specifically authorizes the auditor to issue his warrant for fixed salary claims, and the fact that the legislature made no specific appropriation for the current period would not excuse the auditor from issuing his warrant. (*Kingsbury v. Anderson*, 5 Ida. 771, 51 Pac. 744.)

J. H. Peterson, Attorney General, and J. J. Guheen and T. C. Coffin, Assistants, for the State, cite same authorities as in *Reed v. Huston, ante,* p. 26, 132 Pac. 109.

AILSHIE, C. J.—This case involves the same question just decided in *Reed v. Huston, ante,* p. 26, 132 Pac. 109.

The plaintiff Rich served as commissioner of immigration, labor and statistics during the month of March, 1913, immediately preceding the commencement of the services of Commissioner Reed, and has not been paid his salary for the same reason that Reed was not paid his salary. Plaintiff herein presented his bill and demanded a warrant for his salary, and the auditor refused for the same reasons that he refused to issue a warrant to Commissioner Reed. Upon the authority of *Reed v. Huston, supra,* the writ prayed for in this case will issue. No costs awarded.

Sullivan and Stewart, JJ., concur.